IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff/Respondent,<br>v.<br>RAFAEL RAMIREZ LARA,<br>    Defendant/Movant. | CR 03-0748 PHX ROS<br>CIV 05-1227 PHX ROS MEA<br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE ROSLYN O. SILVER:**

Mr. Rafael Ramirez Lara ("Movant"), who is incarcerated by the Bureau of Prisons in Michigan, filed the instant Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, seeking to vacate his 2003 conviction by the United States District Court for the District of Arizona, on April 22, 2005. Movant seeks relief from of his conviction and sentence, after a jury trial, on one count of illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a). On July 8, 2005, Respondent filed a Response in Opposition to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Response").

**I Procedural History**

On July 9, 2003, Movant was charged with one count of illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a), as enhanced by section 1326(b)(2). See Docket No. 1. Movant waived his right to be charged by indictment. See Docket No. 5. An information filed July 15, 2003, charged Movant with one count of illegal re-entry into the United States and one count of attempted illegal re-entry into the United States. See Docket No. 7.

Magistrate Judge Irwin conducted a plea hearing regarding the charges against Movant on July 15, 2003, at which hearing Movant was represented by appointed counsel and an interpreter was present. See Docket Nos. 3, 6, 8. At the hearing, pursuant to a lodged plea agreement, Movant pled guilty to one count of illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a), as enhanced by section 1326(b)(2). See Docket No. 8. Magistrate Judge Irwin ascertained that Movant's guilty plea was knowing and voluntary. See id.

Pursuant to the plea agreement signed by Movant, in return for his guilty plea Movant was afforded a three-level downward adjustment in his Base Offense Level pursuant to United States Sentencing Guideline § 3E1.1 for his acceptance of responsibility and a four-level downward adjustment pursuant to United States Sentencing Guideline § 5K2.0 for accepting a plea agreement and saving the government the expense of prosecuting Movant. See Response at 2. The plea agreement stated that Movant's sentence would be within the range of 24 to 63 months

incarceration. <u>Id.</u> Movant acknowledges that he was previously convicted of illegal entry after deportation in 1999, and that he served a sentence of 30 months imprisonment pursuant to this conviction. Docket No. 13 at 6.

On October 27, 2003, pursuant to the terms of the plea agreement, Movant was sentenced to a term of 60 months imprisonment and a term of 24 months of supervised release as punishment for violation of 8 U.S.C. § 1326(a), as enhanced by section 1326(b)(2). <u>See</u> Docket No. 11. Movant did not pursue a direct appeal of his conviction and sentence. <u>See</u> Docket No. 13.

Movant asserts that his conviction and sentence must be vacated because he was deprived of his right to the effective assistance of counsel, because the sentencing court improperly applied a sixteen-level sentencing enhancement resulting in a sentence exceeding the maximum allowed by statute, and because his sentence was improperly enhanced by his prior criminal history. Respondent contends that the section 2255 motion must be denied and dismissed because it was not timely filed.

**II  Analysis**

Section 2255 provides, inter alia, that

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from...the date on which the judgment of conviction becomes final....[or] the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review...

28 U.S.C. § 2255 (1994 & Supp. 2005).

-3-

Movant was sentenced on October 27, 2003. See Docket No. 11. Movant's conviction and sentence became final on November 10, 2003, when the time for filing a direct appeal of his conviction and sentence expired. See United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (concluding that "an unappealed federal criminal judgment becomes final ten days after it is entered"). Therefore, Movant had until November 9, 2004, to file his section 2255 motion. Because Movant's section 2255 action was not filed until April 22, 2005, approximately five months after the November 9, 2004, deadline, it is barred by the applicable statute of limitations.

The one-year deadline imposed by the AEDPA on the filing section 2255 motions is, in effect, a statute of limitations subject to equitable tolling. See United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004). The doctrine of equitable tolling is to be applied sparingly to section 2255 actions, i.e., only if "extraordinary circumstances" beyond the prisoner's control made it impossible for him to file his section 2255 motion prior to the expiration of the time stated in the AEDPA. See id., citing Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003).

Movant does not assert or present extraordinary circumstances beyond his control which made it impossible to file his section 2255 action prior to November 9, 2004. Movant asserts that "there are no time limitations" with regard to

-4-

filing a section 2255 action, citing an opinion of the United States Tenth Circuit Court of Appeals issued in 1964. <u>See</u> Docket No. 13 at 2. Movant is incorrect in stating that the maximum statutory sentence for violation of section 1326(a) as enhanced by section 1326(b) is two years imprisonment; section 1326(b) provides that Movant could have been sentenced to a term of 10 years imprisonment and, therefore, Movant's sentence of 5 years imprisonment is not outside the statutory maximum prescribed for his offense.

      Additionally, the fact that Movant raises a claim based on the United States Supreme Court's decisions in <u>Blakely v. Washington</u>, <u>United States v. Booker</u>, and <u>United States v. Fanfan</u>, does not render his section 2255 motion timely filed because these decisions have not been made retroactive to cases on collateral review at the time the decisions were issued, i.e., June 24, 2004 (<u>Blakely</u>) and January 12, 2005 (<u>Booker</u> and <u>Fanfan</u>). <u>See</u> <u>United States v. Cook</u>, 386 F.3d 949, 950 (9th Cir. 2004) (regarding <u>Blakely</u>); <u>United States v. Bellamy</u>, ___ F.3d ___, 2005 WL 1406176 (10th Cir. June 16, 2005) (regarding <u>Booker</u>); <u>Lloyd v. United States</u>, 407 F.3d 608, 615-16 (3d Cir. 2005) (holding <u>Booker</u> does not apply retroactively on collateral review); <u>Guzman v. United States</u>, 404 F.3d 139, 143-44 (2d Cir. 2005) (same); <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005) (per curiam) (same); <u>United States v. Price</u>, 400 F.3d 844, 845 (10th Cir. 2005) (same); <u>Humphress v. United States</u>, 398 F.3d 855, 857 (6th Cir. 2005) (same); <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir.), <u>cert. denied</u>, 125 S. Ct.

2559 (2005). Cf. Sangster v. United States, 2005 WL 1127130, at *6 (M.D. Ga.) (discussing retroactivity of the United States Supreme Court's Booker and Fanfan decisions and subsequent federal court decisions regarding the retroactivity of these decisions).

### III Conclusion

Movant's section 2255 action was not filed within the time specified by the AEDPA and, therefore, the Court should not consider the merits of the action. Additionally, Movant has not demonstrated that equitable tolling of the statute of limitations is warranted in his case.

**IT IS THEREFORE RECOMMENDED** that Mr. Ramirez Lara's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be **denied**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be

considered a waiver of a party's right to de novo appellate consideration of the issues.  See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir.) (en banc), <u>cert.</u> <u>denied</u>, 124 S. Ct. 238 (2003).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 18th day of August, 2005.

_____
Mark E. Aspey
United States Magistrate Judge